UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASMINE SANCHEZ,<br><br>                   Plaintiff,<br>    v.<br>WILLIAM REUBART,<br><br>                   Defendant. | Case No. 3:22-cv-00133-MMD-CLB<br><br>ORDER |

       Plaintiff Jasmine Paul Sanchez, who is incarcerated in the custody of the Nevada Department of Corrections at Ely State Prison, is a prisoner proceeding *pro se*. On March 18, 2022, Plaintiff submitted a civil-rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1.) However, on at least three prior occasions, this Court and the Ninth Circuit Court of Appeals have dismissed civil actions or appeals commenced by Sanchez while in detention or incarcerated as frivolous or for failure to state a claim upon which any relief may be granted.[1]

       Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $402 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court notes that Sanchez has appealed the dismissal that constitutes his third strike. *Sanchez v. Ely State Prison*,

---

[1]*See Sanchez v. Ely State Prison*, No. 3:18-cv-00373-MMD-WGC, ECF No. 14 (appeal dismissed by the appellate court as frivolous (No. 19-17131)); *Sanchez v. Dennis Homan*, No. 3:19-cv-00481-MMD-WGC (action dismissed by the district court for failure to state a claim); *Sanchez v. Ely State Prison*, No. 3:21-cv-00292-MMD-CLB (action dismissed by the district court for failure to state a claim). The Court takes judicial notice of its prior records in these matters.

No. 3:21-cv-00292 at ECF Nos. 13, 14 (assigned appeal No. 22-1542). But Sanchez's pending appeal does not change the analysis of whether he can proceed *in forma pauperis* in this action, which he initiated after that strike was entered. *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (holding that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal").

In his Complaint, Sanchez appears to argue that he has been denied access to grievance procedures and due process during disciplinary procedures. (ECF No. 1-1 at 5.) The Court finds that these allegations fail to plausibly allege that Sanchez is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). Accordingly, Sanchez must pre-pay the $402 filing fee in full to proceed in this action.

It is therefore ordered that Sanchez's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Sanchez pays the full $402 filing fee within 30 days of entry of this order.

The Clerk of Court is directed to send Sanchez two copies of this order. Sanchez must make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

The Clerk of the Court is further directed to retain the Complaint (ECF No. 1-1), but will not file it at this time.

DATED THIS 22nd Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE