1

2

3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                  * * *

6   JASMINE SANCHEZ,                           Case No. 3:22-cv-00133-MMD-CLB

7                            Plaintiff,                ORDER

8         v.

9   WILLIAM RUEBART, *et al.*,

10                           Defendant.

11         *Pro se* Plaintiff Jasmine Paul Sanchez brings this civil-rights action for events that

12   allegedly occurred during his incarceration with the Nevada Department of Corrections at

13   Ely State Prison. (ECF No. 1-1.) On March 22, 2022, this Court denied Sanchez's

14   application to proceed *in forma pauperis* because he has three strikes under 28 U.S.C.

15   § 1915(g) and failed to demonstrate that he was under imminent danger of serious

16   physical injury. (ECF No. 3.) The Court gave Sanchez until April 21, 2022, to pay the full

17   $402 filing fee. (*Id.* at 2.) The Court expressly warned Sanchez that "this action will be

18   dismissed without prejudice unless" he timely paid the filing fee. (*Id.*) The deadline has

19   passed, and Sanchez has not paid the filing fee.

20         District courts have the inherent power to control their dockets and "[i]n the

21   exercise of that power, they may impose sanctions including, where appropriate . . .

22   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

23   (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

24   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

25   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

26   keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.

27   1987) (dismissal for failure to comply with court order). In determining whether to dismiss

28   an action on one of these grounds, the Court must consider: (1) the public's interest in

expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Sanchez's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because the Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these

2

1   circumstances. So the fifth factor favors dismissal. In sum, having thoroughly considered

2   these dismissal factors, the Court finds that they weigh in favor of dismissal.

3       It is therefore ordered that this action is dismissed without prejudice based on

4   Sanchez's failure to pay the full filing fee in compliance with the Court's March 22, 2022,

5   order.

6       The Clerk of Court is directed to enter judgment accordingly and close this case.

7   No other documents may be filed in this now-closed case. If Sanchez wishes to pursue

8   his claims, he must file a complaint in a new case and pay the full $402 filing fee.

9       DATED THIS 6th Day of May 2022.

10

11  _____

12  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28